**XIANG HUA LIN and Rui Quan Lin, Petitioners,**

v.

**Alberto GONZALES,\* Respondent.**

No. 03–40922 NAC.

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

G. Victoria Calle, Calle & Lee, LLP, New York, NY, for Petitioner.

Frank D. Whitney, United States Attorney of the Eastern District of North Carolina (Anne M. Hayes and Lora M. Taylor, Assistant United States Attorneys, on the brief), for Respondent.

Present: MINER, SACK, and SOTOMAYOR, Circuit Judges.

Petitioners Xiang Hua Lin and Rui Quan Lin, citizens of China, petition for review of an order of the Board of Immigration Appeals ("BIA") entered on October 14, 2003, affirming a June 28, 2002 decision of an Immigration Judge ("IJ"). The IJ rejected the petitioners' application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

When, as here, the BIA issues a short opinion that primarily recounts the IJ's decision, we review the IJ's decision rather than that of the BIA. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (reviewing IJ's decision, rather than BIA's, where the former was thirty pages and the latter was two). Here, the BIA affirmed, and agreed with the IJ "in so far as it

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States.

[found] that the respondents were not credible and ha[d] failed to establish past persecution or a well-founded fear ... of persecution...." The BIA did not address or adopt the IJ's ruling that the Lins had failed to provide corroborating evidence, instead it simply noted that the issue implicated *Qui v. Ashcroft*, 329 F.3d 140 (2d Cir.2003) (discussing credibility determinations and the reasonableness of requiring an alien to provide corroborating evidence).

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks and citations omitted).

In this case, the IJ's adverse findings, relating principally to material inconsistencies in the record, were supported by substantial evidence. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 71 (2d Cir.2004) ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). Specifically, the IJ found: (1) inconsistencies in Mrs. Lin's own testimony with respect to the issue of whether she received sterilization documents, and (2) discrepancies between Mr. and Mrs. Lin's testimony on the subject of sterilization documents and the events surrounding the alleged sterilization. Likewise, the IJ's denial of CAT relief for the

petitioners also satisfied the substantial evidence standard. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 134, 144 (2d Cir. 2003).

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED.